# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

JACK SORENSEN,                          )      No. CV 06-0192-JTL
                                        )
                    Plaintiff,          )
                                        )      MEMORANDUM OPINION AND ORDER
          v.                            )
                                        )
JO ANNE B. BARNHART,                    )
Commissioner of Social                  )
Security,                               )
                                        )
                    Defendant.          )
_____ )

**PROCEEDINGS**

On January 12, 2006, Jack Sorensen ("plaintiff") filed a Complaint seeking review of the Commissioner's denial of his applications for disability insurance benefits and supplemental security income.  On February 1, 2006, the parties filed a Consent to Proceed Before United States Magistrate Judge Jennifer T. Lum. Thereafter, on July 25, 2006, defendant filed an Answer to Complaint. On September 18, 2006, the parties filed their Joint Stipulation.

The matter is now ready for decision.

///

///

**BACKGROUND**

On August 25, 1995, plaintiff filed applications for disability insurance and supplemental security income benefits. (Administrative Record ["AR"] at 104-07; Joint Stip. at 2). Plaintiff claimed that, as of May 5, 1992, he has been unable to work due to alcoholism, chest pains, dizziness, shaking hands, and loss of appetite. (AR at 126). The Commissioner denied plaintiff's application for benefits. (AR at 108-12).

On March 25, 1996, plaintiff filed a request for a hearing before an Administrative Law Judge ("ALJ"). (AR at 115). A hearing was held on April 1, 1997 in Orange, California. (AR at 39-100). Plaintiff appeared at the hearing with his attorney and testified. (AR at 43-61). Jocelyn Bailey, a medical expert, and Kelly Winn-Blakely, a vocational expert, also testified. (AR at 61-80, 80-99).

On July 10, 1997, the ALJ issued his decision denying benefits. (AR at 12-27). In his decision, the ALJ concluded that plaintiff suffered from the severe impairment of chronic obstructive pulmonary disease, emphysema, chest pain, and frozen left shoulder. (AR at 21). According to the ALJ, however, this impairment did not meet or equal any of the criteria contained in the Commissioner's Listing of Impairments, 20 C.F.R. Section 404, Subpart P, Appendix 1. (Id.). The ALJ concluded that plaintiff had the residual functional capacity to perform the full range of medium exertional work, reduced by certain exertional and non-exertional limitations. (AR at 22). Ultimately, the ALJ found that plaintiff was not disabled. (AR at 23).

On July 23, 1997, plaintiff filed a request with the Appeals Council for review of the ALJ's decision. (AR at 7). The Appeals Council denied plaintiff's request for review of the hearing decision.

(AR at 4-5).   Plaintiff then filed a civil action in the District Court, under case number CV 98-9477-BRQ.   By stipulation of the parties, the District Court remanded plaintiff's case, instructing the ALJ as follows: (1) re-evaluate a Residual Functional Capacity Questionnaire; (2) obtain further testimony from a vocational expert; and (3) re-evaluate the requirements of plaintiff's past relevant work.   (AR at 417-20).   On June 25, 1999, the Appeals Council vacated the ALJ's decision and remanded the case to the ALJ for further proceedings consistent with the District Court's order ("First Remand Order").   (AR at 421-22).

On June 8, 2000, the ALJ conducted a new hearing in Downey, California in accordance with the First Remand Order.   (AR at 355-93). Plaintiff appeared with counsel and testified.   (AR at 367-78).   Randi Hetrick, a vocational expert, also appeared and testified.   (AR at 378-92).   On October 27, 2000, the ALJ issued a decision denying benefits.   (AR at 548-54).   In his decision, the ALJ again concluded that plaintiff suffered from the severe impairment of chronic obstructive pulmonary disease and emphysema.   (AR at 553).   According to the ALJ, however, this impairment did not meet or equal any of the criteria contained in the Commissioner's Listing of Impairments, 20 C.F.R. Section 404, Subpart P, Appendix 1.   (Id.).   The ALJ found that from February 1, 1994 to January 1, 1999, plaintiff had the residual functional capacity to perform the full range of medium exertional work, reduced by his need to avoid exposure to dusts, fumes, odors, gases, and poor ventilation, and a significant number of jobs in the national economy.   (AR at 553-54).   Accordingly, the ALJ concluded that plaintiff was not disabled from February 1, 1994 to January 1, 1999.   (AR at 554).

3

Plaintiff then filed a civil action in this Court, under case number CV 00-12948-JTL.  On May 21, 2002, the Court remanded plaintiff's case, instructing the ALJ to properly include in his hypothetical questions to the vocational expert plaintiff's non-exertional limitation of avoiding exposure to dusts, fumes, odors, gases, and poor ventilation.  On October 23, 2002, the Appeals Council vacated the ALJ's decision and remanded the case to the ALJ for further proceedings consistent with the District Court's order ("Second Remand Order").  (AR at 555-56).

On March 27, 2003, the ALJ conducted a new hearing in Downey, California in accordance with the Second Remand Order.  (AR at 623-61).  Plaintiff appeared with counsel.  (AR at 623).  Ms. Hetrick also appeared and testified.  (AR at 627-60).  On August 7, 2003, the ALJ issued a decision again denying benefits.  (AR at 538-42).  In his decision, the ALJ concluded that plaintiff suffered from the severe impairment of chronic obstructive pulmonary disease and emphysema.  (AR at 541).  According to the ALJ, however, this impairment did not meet or equal any of the criteria contained in the Commissioner's Listing of Impairments, 20 C.F.R. Section 404, Subpart P, Appendix 1.  (Id.).  The ALJ determined that plaintiff had the residual functional capacity to perform the full range of light or medium exertional work, including the positions of a chauffeur and taxi driver, as well as unskilled assembly occupations classified at the medium level, such as a hardware assembler, lining inserter, and lacer/tier.  (AR at 542).  Accordingly, the ALJ concluded that plaintiff was not disabled from February 1, 1994 to December 31, 1998. (Id.).

On August 12, 2003, plaintiff filed a timely request with the Appeals Council for review of the ALJ's decision. (AR at 530-34). On

November 15, 2005, the Appeals Council affirmed the ALJ's decision. (AR at 525-28).

Plaintiff filed the instant Complaint on January 12, 2006.

## PLAINTIFF'S CONTENTION

Plaintiff claims that the ALJ failed to comply with the mandate of the Court.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401 (1971); Desrosiers v. Secretary of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401. This Court must review the record as a whole and consider adverse as well as supporting evidence. Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the ALJ's decision must be upheld. Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

///

///

///

///

5

## DISCUSSION

### A.   The Sequential Evaluation

The Commissioner has established a five-step sequential process for determining whether a claimant is disabled.  See 20 C.F.R. §§ 404.1520, 416.920 (1991); see also Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987).  At step one, disability benefits are denied if the Commissioner determines that the claimant is engaged in substantial gainful activity.  See Yuckert, 482 U.S. at 140.  At step two, the Commissioner evaluates whether the claimant has a medically severe impairment which significantly limits his physical or mental ability to do basic work activities.  See id. at 140-41.  Step three requires consideration of whether the claimant's impairment is equivalent to one of a number of listed impairments that are so severe as to preclude substantial gainful activity.  See id. at 141.  If the impediment meets or equals one of the listed impairments, the ALJ presumes that claimant is disabled.  See id.  If the impairment is not one that is conclusively presumed to be disabling, step four of the evaluation determines whether the impairment prevents the claimant from performing work he has performed in the past.  See id.  If the claimant cannot perform his past work, the fifth and final step determines whether he is able to perform other work in the national economy in light of his age, education and work experience.  See id. at 142.  The claimant is entitled to disability benefits only if he is not able to perform such work.  See id.

### B.   The ALJ's Compliance with the Court's May 21, 2002 Order

Plaintiff faults the ALJ for failing to comply with the Court's May 21, 2002 Memorandum Opinion and Order with respect to the hypothetical posed to the vocational expert involving plaintiff's

limitations with dust, fumes, odors, gases, and poor ventilation. Plaintiff contends the ALJ's hypothetical that plaintiff "avoid" dust, fumes, odors, gases, and poor ventilation differed from the Second Remand Order that purportedly stated that plaintiff have "no exposure" to dust, fumes, odors, gases, and poor ventilation. (Joint Stip. at 5). Thus, plaintiff contends that the ALJ erred in presenting the hypothetical to the vocational expert and subsequently relying on the vocational expert's response to the erroneous hypothetical. Plaintiff further notes that if the ALJ properly described the limitations in the hypothetical, plaintiff would not be capable of engaging in work activity.

At the hearing, the ALJ posed a hypothetical to the vocational expert involving an individual who "should avoid exposure to dust, fumes, odors, gases, and poor ventilation." (AR at 628). The vocational expert opined that such a hypothetical person could not perform plaintiff's past relevant work, but could perform the work of a chauffeur and taxi driver, as well as unskilled assembly occupations classified at the medium level, such as a hardware assembler, lining inserter, and lacer/tier. (AR at 628-32). Plaintiff's attorney inquired about the possibility of work for a person with the limitation of "no exposure to dust, fumes, odors [and] gases." (AR at 638). The vocational expert testified that with "no exposure" to dust, fumes, odors, and gases, a hypothetical individual could not perform the work of a chauffeur, a taxi driver, or any of the unskilled assembly. (AR at 638). The ALJ eventually adopted the vocational expert's testimony with respect to the hypothetical posed by the ALJ. (AR at 542).

///

1    In order for a vocational expert's testimony to constitute

2  substantial evidence, the hypothetical question posed must "consider

3  all of the claimant's limitations."   Andrews v. Shalala, 53 F.3d

4  1035, 1044 (9th Cir. 1995).   While the ALJ need not include every

5  alleged impairment in the hypothetical, he must make specific findings

6  explaining his rationale for disbelieving any subjective complaints

7  that are not included.   Copeland v. Bowen, 861 F.2d 536, 540 (9th Cir.

8  1988); Gallant v. Heckler, 753 F.2d 1450, 1456 (9th Cir. 1984).

9    Here, the hypothetical that the ALJ presented to the vocational

10 expert properly included plaintiff's limitations with respect to dust,

11 fumes, odors, gases, and poor ventilation.   In his October 27, 2000

12 decision, the ALJ wrote, "During the period at issue, the overall

13 record supports the finding that the claimant was able to perform

14 medium exertional work that did not involve exposure to dusts, fumes,

15 odors, gases, and poor ventilation."   (AR at 550).   Later in the

16 decision, however, the ALJ twice described the relevant limitation as

17 a "need[] to avoid exposure to dust, fumes, odors, gases, and poor

18 ventilation." (AR at 552, 553).   In his August 7, 2003 decision, the

19 ALJ again described the limitation as "a need to avoid dust, fumes,

20 odors, gases, and poor ventilation." (AR at 539, 541).   The Court

21 finds that the ALJ accurately presented the hypothetical to the

22 vocational expert given the fact the term "avoid" was used repeatedly

23 to describe the limitation and used exclusively in his most recent

24 decision. (AR at 552, 553, 539, 541).   Thus, the Court finds that the

25 ALJ correctly determined that the relevant limitation involves an

26 avoidance of dust, fumes, odors, gases, and poor ventilation.

27 ///

28 ///

1  Defendant notes that the Court reasoned in its May 21, 2002
2  decision to remand that, "The ALJ did not ask Hetrick to assume that
3  plaintiff was <u>unable to be exposed</u> to dust, fumes, odors, gases, and
4  poor ventilation." (May 21, 2002 Memorandum Opinion and Order at 6).
5  Defendant claims that the Court's aforementioned statement
6  demonstrates that this Court intended to restrict plaintiff to
7  occupations involving "no exposure" to dust, fumes, odors, gases, and
8  poor ventilation.  The Court disagrees.  In its decision to remand,
9  however, the Court instructed the ALJ "to properly include in his or
10 her hypothetical questions to the vocational expert [that include]
11 plaintiff's non-exertional limitation of avoiding exposure to dusts,
12 fumes, odors, gases, and poor ventilation." (<u>Id.</u> at 12-13).  The
13 Court believes that this statement best describes its intention with
14 regard to the proper interpretation of plaintiff's limitations.  By
15 including the plaintiff's need to avoid exposure to dusts, fumes,
16 odors, gases, and poor ventilation in his hypothetical to the
17 vocational expert, the ALJ complied with the Court's May 21, 2002
18 order.  Overall, the Court finds that the ALJ committed no error in
19 presenting his hypothetical to the vocational expert.

20

21                            **ORDER**

22  After careful consideration of all documents filed in this
23 matter, this Court finds that the decision of the Commissioner is
24 supported by substantial evidence and the Commissioner applied the
25 ///
26 ///
27 ///
28 ///

proper legal standards. The Court, therefore, AFFIRMS the decision of the Commissioner of Social Security Administration.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: November 30, 2006

                                        /s/
                                    JENNIFER T. LUM
                             UNITED STATES MAGISTRATE JUDGE